73 So.2d 339 (1954)
NEW ORLEANS CIGARETTE SERVICE CORP.
v.
SICARELLI.
No. 20313.
Court of Appeal of Louisiana, Orleans.
June 21, 1954.
*340 Piazza & Gulotta, New Orleans, for defendant-appellant.
Jones, Walker & Waechter, New Orleans, for plaintiff-appellee.
Before McBRIDE and REGAN, JJ., and REDMANN, Judge ad hoc.
REDMANN, Judge ad hoc.
Plaintiff's business consists of owning, stocking and servicing cigarette vending machines which it installs in restaurants, bars and other public places. Defendant operates a restaurant and bar on the premises No. 1104 South Rampart Street, in the City of New Orleans.
On July 14, 1952, the parties entered into a written contract under which plaintiff loaned to defendant $300 taking defendant's demand noninterest-bearing note in that amount, and placing two of its vending machines stocked with packages of popular brands of cigarettes in defendant's place of business, and bound itself for a period of three years to keep "cigarette vending machine on said premises and service same as required." It was understood that defendant should receive, and he did actually receive, commissions on the cigarettes sold through the vending machines.
These commissions were credited monthly against the $300 indebtedness represented by defendant's note. As of September 25, 1953, the application of the earned commissions had reduced the balance due on the note to $114.64, which balance the defendant paid.
Under the written contract defendant agreed
"that for a period of 3 year(s) from the date hereof, all sales of cigarettes at the premises of the undersigned will be made exclusively through the medium of the cigarette vending machine installed, or to be installed by you upon said premises and serviced by you and that no cigarettes will be sold on said premises otherwise than through such cigarette vending machine."
On or about September 25, 1953, the defendant turned to the wall the two cigarette vending machines placed in his business premises under the contract so that they could not be availed of for the purchase of cigarettes, and permitted the installation on the premises of cigarette vending machines not owned by plaintiff. This, of course, was in direct violation of his obligations under the written agreement.
The plaintiff sought and obtained a permanent injunction restraining defendant, until the expiration of the three-year period, namely, July 14, 1955, from continuing those breaches of the contract. The defendant appealed.
To support his position, defendant argues that: (1) the contract is without cause or consideration; (2) the contract tends to restrict and lessen competition and to create a monopoly and is therefore against public policy; and (3) failing to prove irreparable injury, injunctive relief should not have been granted.
We are wholly unable to grasp the basis of defendant's contention that the contract was without consideration. The defendant received a noninterest-bearing loan of $300; he had the obligation of the plaintiff to furnish, install, keep stocked and service, for the period of the contract, a cigarette vending machine or machines; he was to receive and did actually receive commissions on the cigarettes disposed of through the machines. Unless the contract was unlawful, there can be no doubt that there was ample consideration to support the defendant's obligation not to sell cigarettes *341 on the particular premises other than through the medium of the machines.
The contention that the contract is violative of LSA-R.S. 51:124 prohibiting contracts, the effect of which is "to substantially lessen competition or tends to create a monopoly in any line of commerce", is likewise untenable.
Neither the contract nor the operation thereunder restricted in any manner the brands of cigarettes to be sold through the vending machines. At most the contract was merely the grant to the plaintiff, for a period of three years, of an exclusive right to sell cigarettes in the defendant's single bar and restaurant through the medium of plaintiff's vending machines. The restriction under all of the circumstances was a reasonable one, limited both as to locality and time. 17 C.J.S., Contracts, § 255, page 639.
A considerable part of the testimony deals with the question whether plaintiff would or would not suffer irreparable damage for the defendant's breach of the contract were he not enjoined. From the evidence in the record we find that, to say the least, the resulting damage would be extremely difficult to determine with that degree of certainty which the law requires. However, under the contract the obligation of the defendant in the respects complained of is one "not to do." He is obligated not to interfere with the installation and operation of plaintiff's vending machines and not to compete with them in selling cigarettes on the premises in any other manner. Our Civil Code, LSA-C.C. Article 1929, provides:
"If the obligation be not to do, the obligee may also demand that the obligor be restrained from doing any thing in contravention of it, in cases where he proves an attempt to do the act covenanted against."
See Oliver v. Home Service Ice Co., Inc., La.App., 161 So. 766.
Accordingly, it is our conviction that the obligations of the defendant under the contract are supported by adequate and legal consideration; that the restraint of the contract, being reasonable under the circumstances, is not violative of either statutory law or public policy, and that irreparable damage is not an essential condition for granting an injunction restraining the breach of an obligation not to do.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.