612 So.2d 844 (1992)
SONNY'S PIZZA, INC.
v.
Monte B. BRALEY, Becky L. Braley.
No. 92 CA 1133.
Court of Appeal of Louisiana, First Circuit.
December 23, 1992.
*845 Brian A. Eddington, Baton Rouge, for appellant, Sonny's Pizza, Inc.
Michael E. Parks, New Roads, for appellees.
Before LOTTINGER, C.J., and FOIL and FOGG,[*] JJ.
LOTTINGER, Chief Judge.
This case involves the ability of individuals to contractually consent to the issuance of a preliminary injunction. The trial court ruled that parties to a contract may not agree by contract to the issuance of an injunction if the necessary conditions established by law do not exist. We agree and affirm the decision of the trial court, but assign additional reasons.

FACTS
On October 31, 1988, Monte G. and Becky L. Braley entered into a contract with Sonny's Pizza, Inc. whereby the Braleys were allowed to use the name "Sonny's Pizza" and Sonny's Pizza methods and procedures of food preparation, in exchange for the payment of a license fee and a percentage of monthly gross sales. The contract, entitled "Licensing Agreement," expired by its terms on November 1, 1991. After that date, the Braleys changed the name of the restaurant to "Monte's Pizza" and continued to operate in the same location. Sonny's Pizza filed a petition requesting the issuance of a preliminary injunction on December 11, 1991. Sonny's Pizza sought to prohibit the Braleys from operating Monte's Pizza, claiming that the Braleys were in violation of the following non-competition clause of the License Agreement:
14.01(b) Licensee shall not, without the prior written consent of Licensor, which shall not be unreasonably withheld, for a period of 18 months after termination of this license for any reason, directly or indirectly, engage in or acquire any financial or beneficial interest (including any interest in corporations, partnerships or trusts, unincorporated associations and joint ventures) in, or become a landlord of, any restaurant business, except for businesses other than the Restaurant already in existence six months prior to the date of termination, operated by the Licensee within a three (3) mile radius of the Restaurant.
The following provision purports to establish the consequences of breaching the non-competition clause:
14.01(h) Licensee acknowledges that Licensee's violation of the terms of this Section 14 would result in irreparable injury to Licensor for which no adequate remedy at law may be available, and Licensee accordingly consents to the issuance of an injunction prohibiting any conduct by Licensee in violation of the terms of this Section 14.
It is this provision that forms the basis of the present appeal.

ASSIGNMENTS OF ERROR
Sonny's Pizza raises the following assignments of error:
1. The trial court erred in requiring plaintiff to establish irreparable injury, as the parties had by contract stipulated that irreparable injury would result from defendant's breach of the contract plaintiff *846 seeks to specifically enforce through injunction.
2. The trial court erred in holding that plaintiff had not established the existence of irreparable injury.
Sonny's Pizza argues that 14.01(h) is an enforceable clause of the contract and, since La.Civ.Code art. 1983 provides that the contract forms the law between the parties, the trial court erred in refusing to grant an injunction. In support of this position, Sonny's points out that the Third Circuit Court of Appeal upheld a similar provision in J. Weingarten, Inc. v. Northgate Mall, Inc., 390 So.2d 527 (La.App. 3d Cir.1980), reversed, 404 So.2d 896 (La. 1981). In Weingarten, the lessee of a store in a shopping mall brought suit to enjoin his lessor from constructing an addition to the mall in a parking area reserved for the lessee. The lease stipulated that violations of its terms could be enjoined. The trial court refused to grant a preliminary injunction. The Third Circuit reversed the decision of the trial court and held that parties may contractually provide for the issuance of an injunction.
The supreme court reversed the decision of the court of appeal on the ground that compelling specific performance was an inappropriate remedy due to the "exceptional circumstances" of the case, i.e. to compel specific performance would have required the demolition of a $4,000,000. Justice Dennis, writing for the court, addressed the holding of the court of appeal with respect to the parties' ability to stipulate by contract to an injunction as follows: "it should be noted that the court of appeal's conclusion that parties may contractually may dispense with procedural requisites for an injunction is subject to serious question because of the effects it may have on court dockets and litigants in other cases." Id. at 899 n. 2.
Justice Dennis questioned the court of appeals holding because allowing the parties to agree to the issuance of an injunction effectively allows the parties to utilize summary versus ordinary proceedings, thus expediting their own case at the expense of other litigants. Additionally, allowing parties to contractually provide for irreparable injury renounces and circumvents an important rule of procedure, namely La.Code Civ.Proc. art 3601, which provides that, "[a]n injunction shall issue in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law ...". We hold that parties may not stipulate that an injunction may be issued and that the determination of irreparable injury is a question of law which a court must decide based on the facts of the case rather than the will of the parties.
The conclusion that parties do not have the contractual freedom to provide for the issuance of an injunction does not end our inquiry. If the non-competition clause is found to be valid, specific performance may be compelled through the issuance of an injunction, even if the plaintiff is unable to prove irreparable injury. La.Civ.Code art. 1987 comment (c); La.R.S. 23:921 G; New Orleans Cigarette Service Corp. v. Sicarelli, 73 So.2d 339 (La.App.Orl.1954), As such, we now turn to the enforceability of the non-competition clause.
The non-competition clause, section 14.01(b) quoted above, states that for a period of 18 months after termination of the license, the licensee shall not engage in competition. Section 12 of the contract specifically deals with termination. Section 12.01 describes events that will cause automatic termination, such as insolvency or the filing of bankruptcy. Section 12.02 describes events that will give the licensor the option to terminate; these events include abandonment by the licensee or falsifying records. It is important to note that the termination section of the contract deals with situations that would terminate the contract prematurely. It does not in any way deal with the expiration of the contract through the passage of time. The contract at issue in this case expired on November 1, 1991. On that date, the Braleys no longer had the right to operate a Sonny's Pizza restaurant, but due to the fact that the license expired, as opposed to being terminated, they were under no obligation to refrain from competing with Sonny's *847 Pizza. This interpretation of the contract is consistent with the provisions contained in section 13[1] which provide that, upon expiration of the license, the licensee shall change the exterior and interior of the building so as to effectively distinguish it from its former appearance. Clearly, the contract read as a whole distinguishes between termination, which carries with it the non-competition clause, and expiration, which simply requires the licensee to change the restaurants appearance. As the contract in this case expired, the plaintiff has no right to an injunction.
Therefore, for the above and foregoing reasons, the judgment of the trial court is affirmed at plaintiff-appellant's costs.
AFFIRMED.
NOTES
[*] Judge Kenneth J. Fogg is serving as judge pro tem by special appointment of the Louisiana Supreme Court.
[1] Section 13.01(c) Upon termination, cancellation or expiration of this agreement, unless otherwise directed in writing by Licensor, Licensee shall change the exterior and interior design and decor of said premises and shall make or cause to be made such changes in signs, buildings and structures as Licensor shall reasonably direct so as to effectively distinguish the same from its former appearance and from any other Sonny's restaurant unit, and if Licensee fails or refuses to comply herewith, then Licensor shall have the right to enter upon the premises where said business is being conducted without being guilty of trespass or any other tort for the purpose of making or causing to be made such changes at the expense of Licensee which expense Licensee agrees to pay upon demand.